COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Coleman and Overton
Argued by Teleconference


MELVIN ROY SPANGLER

                                      MEMORANDUM OPINION[*] BY
v.        Record No. 0527-96-3        JUDGE NELSON T. OVERTON
                                            MARCH 4, 1997
COMMONWEALTH OF VIRGINIA

           FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                    Richard C. Pattisall, Judge

           Jonathan M. Apgar (Damico & Apgar, on brief),
           for appellant.

           Eugene Murphy, Assistant Attorney General
           (James S. Gilmore, III, Attorney General, on
           brief), for appellee.


     Melvin Roy Spangler appeals his conviction of obtaining
money by false pretenses.  He claims that (1) the court's
compulsion of his waiver allowing an Internal Revenue Service
agent to testify violated his Fifth Amendment privilege and (2)
the evidence is not sufficient to support the conviction.  We
affirm.

     The parties are fully conversant with the record in the
cause, and because this memorandum opinion carries no
precedential value, no recitation of the facts is necessary.

     We find no merit in Spangler's first issue.  The testimony
of the IRS agent did not concern any statements or admissions of
the appellant.  She testified that she had mailed a copy of the

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

tax lien to Spangler and that she had visited him at his residence in reference to the back taxes. Therefore, if any error was committed by forcing the appellant to allow the IRS agent to testify for the Commonwealth, it was harmless.

The evidence presented at trial supports the conviction. On appeal, the evidence must be viewed in a light most favorable to the Commonwealth. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). A judgment will not be disturbed on appeal unless it is plainly wrong or without evidence to support it. See Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). Spangler's own testimony demonstrated that he knew about the back taxes owed to the government. Nevertheless, he signed a document averring that no claim had been asserted against his company. This, coupled with other evidence clearly present in the record, is sufficient such that the fact finder could conclude that Spangler was guilty beyond a reasonable doubt.

Accordingly, the conviction is affirmed.

Affirmed.